## PERRY B. PLUMLEY v. THE STATE.

1. PRACTICE IN THE COURT OF APPEALS. — This court will not revise the action of the lower court in overruling an application for a continuance, unless the point has been saved by a bill of exceptions duly taken.

2. AMENDMENT OF INDICTMENT. — Defendant, being arraigned under an indictment charging Bud P., J. B., and A. J. R. with theft of a cow, pleaded in

abatement of the indictment that his name was Perry B. P., and was not Bud P., J. B., or A. J. R. The court ordered the indictment to be so amended as to give his true name, and the case to proceed. *Held*, to be correct practice, and specifically authorized by art. 513 of the Revised Code of Criminal Procedure.

3. Verdict. — On trial of Perry B. P. under an indictment for theft, the verdict of the jury found "the defendant Bud P." guilty. Judgment was entered against Perry B. P. *Held*, that, as it appeared from the whole record of the case that the defendant was generally called *Bud* P., and there being no question as to the identity of the party, the verdict was not vitiated by the misstatement of the name after the word *defendant*.

Appeal from the District Court of Travis. Tried below before the Hon. E. B. Turner.

The appellant, under the name of Bud Plumley, was jointly indicted with two other persons for the theft of a cow. The defence relied on was that he acted in good faith as a hired hand, and took the cow believing it to be the property of his employer, and that he took the cow for the benefit of his employer, who he believed had a right to it.

There is no occasion for a statement of the evidence. The appellant was convicted, and his punishment assessed at two years' confinement in the penitentiary.

*Joe H. Stewart, R. M. Russell,* and *Jones & Trigg,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

White, P. J. No bill of exceptions having been saved to the overruling of defendant's application for continuance, the same is not a subject for revision in this court. *Harris* v. *The State,* 6 Texas Ct. App. 97.

Defendant had been indicted under the name of Bud Plumley. He suggested that his name was Perry B. Plumley, and the court on motion of the county attorney ordered and permitted the indictment to be corrected and

the style of the cause changed so as to give his true name. This practice is expressly provided by statute, and the court did not err.   Code Cr. Proc., art. 513; *Morris* v. *The State*, 4 Texas Ct. App. 589.

Defendant pleaded in abatement that the indictment charged the crime to have been committed by Bud Plumley, Jacob Brown, and A. J. Rhodes, and that his name was not Bud Plumley, Jacob Brown, nor A. J. Rhodes.   A similar plea of abatement, it is true, was held good in *The State* v. *Toney*, 13 Texas, 74, but that was before the adoption of the Penal Code, and when there was no statute providing for amendments, as in art. 513 *supra*.

The verdict of the jury was, " We, the jury in this case, find the defendant, Bud Plumley, guilty, and fix the penalty at confinement in the penitentiary for two years."   It is insisted that this verdict does not sustain the judgment, which is against Perry B. Plumley, and not Bud Plumley : that after the indictment was amended and the style of the cause corrected at the instance of defendant, the question and issue before the court was the guilt or innocence of Perry B. and not of Bud Plumley.   The evidence showed that defendant was known by the name of and generally called " Bud Plumley."   His mother, who testified, called him " Bud," as did other witnesses.   There is no mistake as to the identity of the real defendant ; the record shows with indubitable certainty who was tried and convicted, and the judgment is properly entitled and pronounced against the defendant by the name Perry B. Plumley.   The insertion by the jury of the name " Bud Plumley " after " defendant " in the verdict, is of no consequence.   The case of *The People* v. *Ah Kim*, 34 Cal. 189, is in point.

Complaint is made of the general charge of the court to the jury, but in the particulars pointed out is without just ground.   In the only particular in which the charge was defective it was fully supplied by the special instruction given at the instance of defendant, in which the main issue

relied on in the defence, viz., hired hand acting in good faith, was plainly and fairly submitted to the jury.

We see no error in the judgment, and it is therefore affirmed.

*Affirmed.*